IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

MARY JOSEPH,

  Plaintiff,

-VS-

CHARTER COMMUNICATIONS HOLDING
COMPANY, LLC,

  Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff, MARY JOSEPH, by and through undersigned counsel, sues the Defendant, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC (hereinafter "CHARTER"), and alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012)

3. The alleged violations described in the Complaint occurred in St. Louis County, Missouri.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Missouri, residing in St. Louis County, Missouri.

1

5.  Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6.  The TCPA was enacted in 1991 to regulate telemarketing activity in response to "[v]oluminous consumer complaints about abuses of telephone technology." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 744 (2012). At the time, Congress found that "many consumers [were] outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes." Id. (quoting TCPA, Pub. L. No. 102-243, 105 Stat 2394 (internal quotation marks omitted)).

7.  Defendant, CHARTER, is a corporation and a citizen of the State of Missouri with its principal place of business at 12405 Powerscourt Dr., St. Louis, MO 63131.

8.  Defendant called the Plaintiff's cell phone approximately twenty-nine (29) times in solicitation attempts after the Plaintiff had instructed CHARTER to cease calling her.

9.  Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

10. On information and belief, the telephone calls were placed using automated telephone dialing equipment and without human intervention.

11. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

12. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

2

13. Plaintiff had previously utilized CHARTER for cable services, however on or about February 2013, Plaintiff canceled her CHARTER service, paid off her balance, and returned the equipment to CHARTER.

14. Shortly after ending her business relationship with CHARTER, on or about March 8, 2013, CHARTER began robo-dialing Plaintiff's cell phone with solicitation messages offering her services.

15. On or about March 14, 2013, Plaintiff answered the call from (855) 213-5630, and asked them to take her off the call list. The Defendants continues to call from numerous numbers including (508)-623-2135, (314)-291-8300, (877)-840-9914, and (508)-623-2299.

16. Despite the March 14, 2013 conversation with Defendant, the Defendant continued to contact the Plaintiff in an attempt to sell her services.

17. The continuing calls leave Plaintiff to believe that the Defendant is seeking to sell her services, and the only way for the calls to stop is to accept their services, which the Plaintiff does not desire or want.

18. From March 14, 2013, through the filing of this complaint, Defendant continued to call Plaintiff's cellular phone, using an automatic telephone dialing system.

19. Plaintiff receives cellular telephone service for the number (770) 743-9029 through a Boost Mobile prepaid account. Plaintiff retains this number only for use in emergencies and in order to avoid additional expense and use of prepaid minutes.

20. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the their number.

21. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

22. Defendant continued to call the Plaintiff every day per their corporate policy, from March 2013 through the filing of this complaint.

23. Plaintiff has received approximately forty-five (45) calls in total from the Defendant.

24. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that she was not interested in their services.

25. Defendant corporate policy and procedures provided no means for the Plaintiff to have her cellular number removed from the call list.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties that demand the phone call stop.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one (1) through thirty-seven (29).

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Katherine M. Massa*
Katherine M. Massa, Esquire
Morgan & Morgan, P.A.
76 S. Laura St
Ste: 1100
Jacksonville, FL 32202-5413
Tele:  (904) 361-0049
Fax:  (601) 949-3399
Florida Bar #: 78316
Missouri Bar #: 57872
Attorney for Plaintiff
kmassa@forthepeople.com


Jared M. Lee, Esquire - *Pending Pro Hac Vice Application*
Morgan & Morgan, P.A.
20 North Orange Ave.
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com

5